# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| DEANGELO THOMAS-EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:19-CV-49-SPM |
| | ) |
| ANNE PRECYTHE, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff DeAngelo Thomas-El, an inmate at the Potosi Correctional Center (PCC), for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion and assess an initial partial filing fee of $1.39. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $6.96, and an average monthly balance of $5.18. The Court will therefore assess an initial partial filing fee of $1.39, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**Background**

Plaintiff initiated this action on June 24, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Anne Precythe (Director of the Missouri Department of Corrections), Warden Chantay Godert, Assistant Warden Michelle Thompson, and Case Managers A. Cullen and J. Mundell. Therein, he alleged the defendants violated his constitutional rights by failing to provide him with necessary legal assistance/supplies and by subjecting him to cruel and unusual punishment. On September 9, 2019, plaintiff filed an amended complaint against the same defendants, along with a notice stating he would like the Court to allow the amended complaint to proceed as if it was an "original filing." Indeed, an amended complaint replaces an original complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Additionally, the amended complaint presents the same claims based upon the same facts that occurred at the same time as in the original. The Court now reviews the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

**The Amended Complaint**

Plaintiff filed the amended complaint pursuant to 42 U.S.C. § 1983 against Precythe, Godert, Thompson, Cullen and Mundell. He sues the defendants in their individual capacities.

Plaintiff's claims arise from two separate incidents in which he was denied legal assistance/supplies. The first incident occurred on September 24, 2018. The second began on or before October 12, 2018. Regarding the first incident, plaintiff writes:

> On September 24, 2018, I submitted a request to J. Mundell – both verbally and in writing – for legal assistance according to Departmental Policy and Standard Operating Procedure (i.e. legal pads, typing ribbon, ink pens, copy card, and postage stamps) so as to draft a Reply Motion to Defendants Motion for Summary Judgment in cause *Thomas-El v. Pliskas, et al.,* 2:15-cv-4267-NKL-P who then typed the request on the computer using the required 'Qualified Legal Claim Request Form,' and submitted it to Chantay Godert for approval.

Godert referred plaintiff's request to a Function Unit Manger (FUM). Thompson ultimately denied plaintiff's request on the basis that, within the last 30 days, plaintiff had more than $8.50 in his account. When plaintiff learned of this, he told Cullen he had not had more than $7.50 in his account since the year 2014. Cullen replied "you're beat. You just have to meet your court deadline the best way you can." Plaintiff writes: "Therefore I was forced to submit myself to performing sexual favors for other offenders . . . to get the much-needed supplies." Plaintiff used the grievance process to claim he had been denied access to the courts and subjected to cruel and unusual punishment, but he was denied relief.

Regarding the second incident, plaintiff writes:

> Again, on or before October 12, 2018, I submitted a request for legal supplies to J. Mundell – both verbally and in writing – who then submitted my request to Chantay Godert, using the 'Qualified Legal Claim Request Form' on the computer. Approximately three (3) days later, J. Mundell called me to her office to sign a 'greencheck' in the amount of fifteen dollars and eleven cents ($15.11), stating 'this has to be done before the request can be approved.' Every day, up to and until my deadline – of the date I am not sure – I went to J. Mundell and A. Cullen to see if the request had been approved and each day they informed me that it had not and that they had not heard anything on it. Again I was compelled to submit myself to performing sexual favors for other inmates . . . to get the

4

much needed supplies. However, the request for the legal supplies had in fact been approved and J. Mundell and A. Cullen withheld the supplies from me due to the previous 'grievance' that I had filed against the defendants.

Plaintiff alleges that Precythe and Godert revised, signed and fostered a policy that infringed upon his constitutional right of access to the courts and subjected him to cruel and unusual punishment. He alleges that Godert also failed to monitor her subordinates. He alleges Thompson directly infringed upon his constitutional right to access the courts and to be free from cruel and unusual punishment in that she denied a request that was meant for a Function Unit Manager to approve. He alleges that Mundell and Cullen directly infringed upon his constitutional right to access the courts and to be free from cruel and unusual punishment by stealing and/or withholding approved legal supplies from him, forcing him to perform sexual favors to other inmates and "compelling [him] to experience pain, embarrassment, humiliation and subjecting [him] to corporal punishment."

In describing his injuries, plaintiff writes:

Due to the willful and wanton acts of the defendants, I was ill prepared to respond to two motions for summary judgment in two different civil complaints and forced me to hastily and inadequately prepare responses therefore rendering the complaints to be dismissed for failure to state facts and qualified immunity grounds.

Plaintiff also states the defendants subjected him to pain and corporal punishment and exposed him to HIV and Hepatitis. He seeks monetary and injunctive relief.

**Discussion**

The freedom to petition guaranteed by the First Amendment includes the right of access to the courts. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002). The Due Process clause of the Fourteenth Amendment makes the First Amendment applicable to the states. *Republican Party of Minnesota v. White*, 416 F.3d 738, 748 (8th Cir. 2005) (citations omitted).

In *Bounds v. Smith*, the Supreme Court held that the right of access to the courts requires that inmates be provided adequate resources or adequate assistance from persons trained in the law. 430 U.S. 817, *overruled in part by Lewis v. Casey*, 518 U.S. 343, 351 (1996).[1] Following *Bounds*, the Supreme Court held, based on principles of standing, that an inmate alleging a *Bounds* violation must show an actual injury:

> Because Bounds did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary. Insofar as the right vindicated by Bounds is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.

*Lewis*, 518 U.S. at 351 (internal citations omitted).

Additionally, the Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely allege a denial of resources even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (per curiam) (citing *Lewis*, 518 U.S. 343). Instead, the plaintiff must plead (and ultimately prove) that the lack of the resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, postconviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.*; *see also Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (an actual injury is shown only where a nonfrivolous, arguable claim is lost). Speculation that injuries might occur or could have occurred is insufficient. *See Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to

---

[1] The *Lewis* Court disclaimed statements in *Bounds* that suggested the right of access to the courts required the State to enable prisoners to discover grievances and to litigate effectively once in court. *Lewis*, 518 U.S. at 354

6

filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative").

As noted above, plaintiff alleges he requested legal assistance/supplies on September 24, 2018 to draft a "Reply Motion" to a defense motion for summary judgment in *Thomas-El v. Pliskas, et al.,* 2:15-cv-4267-NKL. He alleges he requested legal assistance/supplies again on approximately October 12, 2018, but does not identify a particular case associated with that request. Plaintiff also alleges that not having the legal assistance/supplies rendered him "ill prepared to respond to two motions for summary judgment in two different civil complaints" and forced him to respond hastily, and that this was the reason his complaints were dismissed. He does not explain exactly how he was rendered "ill prepared," nor does he explain exactly why he was forced to respond hastily. Review of the single case plaintiff cites, *Thomas-El v. Pliskas, et al.,* No 2:15-cv-4267 (W.D. Mo. Jul. 9, 2018), shows as follows.

On November 9, 2015, plaintiff filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his federally-protected rights while he was incarcerated at the Jefferson City Correctional Center (JCCC). He filed multiple motions seeking injunctive relief, appointment of counsel, discovery, and other relief. On August 17, 2016, after one motion to appoint counsel was denied, he filed a notice of interlocutory appeal. He also filed a motion seeking to stay the district court proceedings during the pendency of the interlocutory appeal, which was granted. He then filed a motion to compel discovery, which was denied on the grounds the case was stayed. On January 9, 2017, the United States Court of Appeals for the Eighth Circuit affirmed the district court's decision. Plaintiff then filed a motion seeking to lift the stay, which was granted, and he filed other motions seeking other forms of relief. On December 18, 2017, the defendants filed a motion for summary judgment. Two days later, the

Court entered an order advising plaintiff he was required to file a response to the motion, and could not simply rest upon the averments in his complaint. Thereafter, plaintiff filed motions seeking to be provided copies of certain documents, which were denied. He then filed motions seeking reconsideration, which were denied. On January 4, 2018, plaintiff filed a motion for extension of time to file a response to the motion for summary judgment, which was granted. Plaintiff filed his response to the motion for summary judgment on March 5, 2018. Plaintiff's response consisted of a 19-page memorandum, accompanied by a 103-page exhibit. The defendants filed a reply on March 19, 2018. On July 9, 2018, the Court granted the defendants' motion for summary judgment. On July 30, 2018 plaintiff filed a notice of appeal, but on January 8, 2019, the Eighth Circuit Court of Appeals summarily affirmed the district court's decision.

Independent inquiry shows that plaintiff was involved in a contemporaneous civil rights case in the United States District Court for the Western District of Missouri: *Thomas-El v. Eberhart, et al.,* No. 2:16-cv-4341-NKL (W.D. Mo. Aug. 7, 2018). There, plaintiff filed a complaint on December 27, 2016 alleging violations of his federally-protected rights while incarcerated at JCCC. He filed motions seeking a teleconference, sanctions, discovery, and other forms of relief. On January 12, 2018, the defendants filed a motion for summary judgment. On March 27, 2018, after plaintiff failed to timely respond, the Court dismissed the case pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. However, on April 2, 2018 plaintiff filed a motion seeking to reopen the case. Therein, he noted he had been given until March 19, 2018 to respond to the motion for summary judgment, and that he had signed his response and placed it in the prison mail system on March 18, 2018. Upon plaintiff's motion, on May 21, 2018, the Court ordered the case reopened. Plaintiff then filed a motion seeking the entry of default against a defendant, which was granted, and he filed other motions seeking other forms of relief. On

August 7, 2018, the Court granted the defendants' motion for summary judgment. On August 17, 2018 plaintiff filed a motion seeking an extension of time to file a motion to alter or amend the judgment, which was granted. On September 6, 2018, plaintiff filed a motion to alter or amend the judgment. On September 20, 2018 the defendants responded to the motion, and on October 9, 2018 plaintiff filed a reply. On October 17, 2018, the Court denied the motion. Plaintiff filed a notice of appeal on October 29, 2018. On April 4, 2019 the Court of Appeals summarily affirmed the district court's decision.

Plaintiff does not cite, nor is the Court aware, of any other case in which he was involved. The Court takes judicial notice of the foregoing two cases from the United States District Court for the Western District of Missouri, the records of which are part of the public record. *See Faibisch v. Univ. of Minn.*, 304 F.3d 797, 802–03 (8th Cir. 2002) (district court may take judicial notice of public records).

It cannot be said that any defendant's action or inaction in September or October of 2018 deprived plaintiff of a specific opportunity to defend himself or advance a viable legal claim in either case. In both cause number 2:15-cv-4267 and cause number 2:16-cv-4341, the motions for summary judgment were adjudicated well before plaintiff alleges he requested but did not receive the legal assistance/supplies necessary to defend against them. Plaintiff's motion to alter or amend judgment in cause number 2:16-cv-4341 was pending from September 6, 2018 to October 17, 2018, but the record in that case shows that plaintiff timely filed the motion and then filed a reply to the defendants' response. Even if plaintiff had not included specific dates in the amended complaint, his allegations would fail to state a plausible access-to-courts claim. Nothing in the record of either case indicates that a defense motion for summary judgment was granted or plaintiff's complaint was dismissed due to plaintiff's failure to meet a deadline or

9

respond adequately, with the single exception of the March 27, 2018 Rule 41(b) dismissal in cause number 2:16-cv-4341. However, the Court soon reopened that case upon plaintiff's motion advising he had in fact timely prepared and mailed his response, and plaintiff's claims were therefore not lost. Finally, review of the records of both cases shows that plaintiff actively prosecuted them. He filed numerous motions seeking various forms of relief, he responded to motions filed by his opponents, he pursued an interlocutory appeal, he filed post-judgment motions, and he filed notices of appeal. This belies plaintiff's claim that his access to the court was thwarted. *See Brown v. Voorhies*, 2012 WL 748403, *7 (S.D. Ohio Mar. 8, 2012) ("[t]he sheer number of filings that Plaintiff has been able to muster belies his claim that access to the Court has been thwarted.").

Therefore, taking all of plaintiff's factual allegations as true and liberally construing the amended complaint, the Court concludes that plaintiff has not pled facts permitting the inference that any defendant's denial or withholding of legal assistance/supplies deprived him of some specific opportunity to defend himself or advance a viable legal claim in the civil rights case he cited, his contemporaneous civil rights case, or any other matter. At best, plaintiff's alleged injuries are merely speculative. *See Hartsfield*, 511 F.3d at 833. The Court therefore concludes that plaintiff has failed to allege an actual injury, as required to maintain an access-to-courts claim. *See Lewis*, 518 U.S. at 351, *Sabers*, 100 F.3d at 84. To the extent plaintiff can be understood to allege that the injury the defendants caused was related to the sexual activity he described, such allegations also fail to meet the actual injury requirement of *Lewis*.

Plaintiff also alleges the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment, subjected him to corporal punishment and pain, and exposed him to HIV and Hepatitis. These claims are based upon plaintiff's allegations that he was forced to

perform sexual favors for other inmates to obtain the legal assistance/supplies that were denied or withheld by the defendants. However, plaintiff does not allege that any defendant actually forced him to engage in the described activity, suggested he do so, or even knew about it. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). Here, while plaintiff may attribute his decision to engage in the described activity to the defendants' refusal or failure to give him requested assistance/supplies, his allegations fail to demonstrate that any named defendant was directly involved in or personally responsible for any incident that harmed him. The Court therefore concludes that plaintiff's allegations fail to demonstrate that any defendant violated his rights guaranteed by the Eighth Amendment. *See Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001) (§ 1983 liability arises only upon a showing of personal participation by defendant); *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured him).

After carefully reading the amended complaint and giving it the benefit of a liberal construction, the Court concludes that plaintiff has failed to state a claim upon which relief may be granted against any named defendant. Plaintiff obviously prepared the amended complaint carefully and thoughtfully. He sets forth his allegations against each defendant in a well-organized and logical manner, and he is clear about the specific claims he wishes to bring against each defendant. It is therefore apparent that the problems with the amended complaint would not

be cured by permitting plaintiff to file a second amended pleading. The Court will therefore dismiss this action at this time, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.39 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 16th day of September, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE