UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DEANGELO THOMAS-EL, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:19CV49 SPM |
| ANNE PRECYTHE, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This closed civil matter is before the Court upon plaintiff Deangelo Thomas-El's "Motion to Alter or Amend the Opinion, Memorandum and Order of September 16, 2019." (ECF No. 12/filed October 10, 2019). The motion will be denied.

### Background

On September 16, 2019, the Court dismissed this action after determining that plaintiff's amended complaint failed to state a claim upon which relief may be granted. The reasons for that determination are fully set forth in the Court's September 16, 2019 Opinion, Memorandum and Order, and will not be fully repeated here. However, the following information is notable because it is relevant to the instant motion.

In the amended complaint, plaintiff alleged the defendants violated his right of access to the courts because they denied or withheld legal assistance/supplies in September and October of 2018, and that he was therefore forced to engage in sexual activity with other inmates in order to obtain the assistance/supplies. He alleged he needed the assistance/supplies to "draft a Reply Motion to Defendants Motion for Summary Judgment in cause *Thomas-El v. Pliskas, et al.,* 2:15-cv-4267-NKL-P," and that the lack of them rendered him "ill prepared to respond to two motions

for summary judgment in two different civil complaints" and forced him to "hastily and inadequately prepare responses therefore rendering the complaints to be dismissed for failure to state facts and qualified immunity grounds." In determining that plaintiff had failed to allege an "actual injury" as required to state a valid access-to-courts claim, the Court reviewed the district court case plaintiff cited and also reviewed his contemporaneous district court case[1] (which plaintiff had not cited but the Court's independent inquiry revealed) and noted that the motions for summary judgment in both cases were adjudicated before plaintiff alleged the defendants denied or withheld the assistance/supplies. The Court also noted that neither case record supported plaintiff's assertion that he lost a viable claim due to his failure to meet a deadline or respond adequately, and in fact documented that plaintiff actively prosecuted both cases.

In the motion now before the Court, plaintiff can be understood to seek reconsideration of that dismissal because he wishes to raise a new argument that is based upon evidence he recently discovered. Plaintiff writes: "With further investigation and consideration, plaintiff has determined that it was not a response to the summary judgment motions filed by defendants in cause *Thomas-El v. Pliskas, et al.,* 2:15-cv-4267-NKL and *Thomas-El v. Eberhart, et al.,* 2:16-cv-4341-NKL, but appellate briefs within the Eighth Circuit Court of Appeals, of which [*sic*] were dismissed because plaintiff failed to file a timely appellate brief pursuant to Fed. R. App. P. 31(A)(1)."

Plaintiff does not identify the case or cases that the Eighth Circuit allegedly dismissed because he "failed to file a timely appellate brief pursuant to Fed. R. App. P. 31(A)(1)," but independent inquiry shows that plaintiff appealed both of the district court cases cited above. *See Thomas-El v. Pliska, et al.,* No. 18-2651 (8th Cir. 2018) and *Thomas-El v. Eberhart, et al.,* No. 18-3362 (8th Cir. 2018). In both of those cases, the Eighth Circuit affirmed the district court

---

[1] That case is styled *Thomas-El v. Eberhart, et al.,* 2:15-cv-4341-NKL (W.D. Mo. Aug. 7, 2018).

decisions in accordance with Eighth Circuit Rule 47A. In *Thomas-El v. Pliska, et al.* judgment was entered on January 8, 2019, and in *Thomas-El v. Eberhart, et al.* judgment was entered on April 4, 2019. The Court takes judicial notice of the foregoing two cases from the Eighth Circuit Court of Appeals because the records therein relate directly to matters at issue and are part of the public record. *See Hart v. C.I.R.*, 730 F.2d 1206, 1207 (8th Cir. 1984) (stating that federal courts may take judicial notice of proceedings in other courts if they relate directly to matters at issue); *see also Faibisch v. Univ. of Minn.,* 304 F.3d 797, 802-03 (8th Cir. 2002) (district court may take judicial notice of public records).

**Discussion**

Plaintiff states he brings the instant motion under "Fed. R. Civ. P. 56(E)." However, Rule 56(e) of the Federal Rules of Civil Procedure addresses a party's failure to properly support or address a fact in the context of a motion for summary judgment, and is inapplicable to the present situation. The Court will therefore consider whether plaintiff's motion can be construed as filed pursuant to Rule 59(e) or Rule 60(b).

Rule 59(e) and Rule 60(b) motions are similar, and are "analyzed identically." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 n. 3 (8th Cir. 2006). However, one difference is the time period in which a party may bring a motion. Rule 59(e) motions must be filed within 28 days of judgment, and Rule 60(b) motions must be filed within a reasonable time or within one year in certain circumstances. Here, plaintiff titled the motion "Motion to Alter or Amend the Opinion, Memorandum and Order of September 16, 2019," and he filed it within 28 days of the judgment he seeks to alter or amend. The Court will therefore analyze the motion under Rule 59(e). However, the Court notes that the result would be the same under a Rule 60(b) analysis. *See id.*

A district court enjoys broad discretion in determining whether to grant or deny a Rule 59(e) motion. *Id.* at 933. "Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Id.* "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* To prevail on a Rule 59(e) motion by presenting newly discovered evidence, the movant must show that the evidence was discovered after judgment was entered, that he exercised due diligence to discover it beforehand, that the evidence is material, and that reopening the case to consider the new evidence would probably produce a different result. *See id.* Rule 59(e) motions are "not intended to routinely give litigants a second bite at the apple, but to afford an opportunity for relief in *extraordinary circumstances*." *Barnett v. Roper*, 941 F. Supp. 2d 1099, 1104 (E.D. Mo. 2013) (emphasis in original).

Here, plaintiff argues he is entitled to relief because he discovered that the injury he suffered occurred in an unidentified Eighth Circuit case (or cases), not in a district court case as he claimed in his amended complaint. However, the only two Eighth Circuit cases the Court was able to find involving plaintiff were dismissed prior to the entry of judgment in this case. Therefore, the evidence that forms the basis of the argument plaintiff now raises would have been available prior to the entry of such judgment. Plaintiff does not describe the "further investigation and consideration" that yielded its discovery, nor does he attempt to show he exercised due diligence to discover it and raise his current argument prior to the entry of judgment. A Rule 59(e) motion "cannot be used to introduce new evidence . . . or raise arguments which could have been offered or raised prior to entry of judgment." *Metro. St. Louis Sewer Dist.*, 440 F.3d at 933.

Additionally, the records in both of the Eighth Circuit cases belie plaintiff's claim that he suffered dismissal due to his failure "to file a timely appellate brief pursuant to Fed. R. App. P.

4

31(A)(1)." The Eighth Circuit did not set a briefing schedule in either case, neither party filed a brief, and nothing in either case record supports plaintiff's assertion that the case was dismissed due to his failure to file any document. It therefore cannot be said that plaintiff has shown that reopening the case to consider the new evidence and argument would produce a different result, as plaintiff would remain unable to demonstrate he suffered an "actual injury" as required to state a valid access-to-courts claim. *See id.* (to prevail on a Rule 59(e) motion by presenting newly discovered evidence, the movant must show, *inter alia*, that reopening the case to consider the new evidence would probably produce a different result).

At best, plaintiff's motion amounts to an attempt to take a second bite at the apple rather than a demonstration of a need for relief in extraordinary circumstances. Because plaintiff has failed to demonstrate entitlement to relief, the Court will deny the motion.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Alter or Amend the Opinion, Memorandum and Order of September 16, 2019 (ECF No. 12) is **DENIED.**

Dated this 25th day of October, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE